UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     DMW MARINE, LLC, | : | |
|         Debtor. | : | Bky. No. 11-13953 ELF |
| | : | |
| MICHAEL H. KALINER, Trustee | : | |
| of the Estate of DMW Marine, LLC, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| DEBORAH D. KLEIN, | : | Adv. No. 13-0291 |
| DRINKER BIDDLE & REATH, LLP, and | : | |
| MARK S. PEARLSTEIN, | : | |
| | : | |
|         Defendants. | : | |

# O R D E R

**AND NOW WHEREAS,**

A. On **February 4, 2014**, Defendant Mark S. Pearlstein ("Pearlstein") filed a Motion for Summary Judgment. (Doc. # 61).

B. By Order dated **March 10, 2014**, the court denied the Motion. (Doc. #71).

C. On **March 13, 2014**, Pearlstein filed a motion entitled "Motion for Reconsideration of Motion for Summary Judgment" ("the Motion to Reconsider"). (Doc. # 73).[1]

D. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. E.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d

---

[1] I note that Pearlstein failed to comply with the rules that govern motion practice in this court. See L.B.R. 9014-3(c), (g).

1

Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895 (1986).

E. The Reconsideration Motion fails to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law; or (c) any newly discovered evidence.[2]

---

[2] The Motion to Reconsider is based largely on the statement in the court's prior order that suggested, erroneously, the Motion to Disgorge was filed in the district court prior to the filing of this adversary proceeding. (The two matters were filed on the same date). Pearlstein then argues that this factual error was central to the denial of the Motion for Summary Judgment. (Motion to Reconsider ¶¶4-5). The minor factual error was not central to the prior decision and in making this argument, Pearlstein evinces his misunderstanding of the reasoning underlying the rejection of his claim preclusion argument.

The prior order denying summary judgment on this ground was based on my conclusion that, assuming arguendo that the Trustee's disgorgement and preference claims were based on the same "cause of action" – an assumption hotly disputed by the Trustee – the Trustee did not "split his claims" by bringing them separately in the two (2) courts because: (a) there were serious jurisdictional impediments to bringing the Motion to Disgorge and the Bankruptcy Code preference claim simultaneously in the district court and (b) it is unlikely that the district court would have granted a motion to withdraw the reference of the preference action from the bankruptcy court.

(I consider it unlikely that the district court would have withdrawn the reference in light of the substantial disparities between the two (2) claims. In the district court, the issues were whether the Receiver was authorized to pay Pearlstein and whether the amounts paid were reasonable. The key issues in the preference claim are whether the payments enabled Pearlstein to receive more than he would have received on the distribution of his claim in a chapter 7 case, whether the payments were a contemporaneous exchange for new value and whether they were made in the ordinary course. These differences lead me to conclude that it is unlikely that the district court would have agreed to expand the scope of the legal and factual issues to the extent necessary to consider the bankruptcy preference claim.)

These problems with Pearlstein's claim preclusion theory exist regardless whether the Motion to Disgorge was filed first, the preference action was filed first or whether they were filed on the same date (as, in fact, they were). Thus, there is no reason to reconsider the prior order on this ground.

The balance of the Motion to Reconsider is largely a rehash of the arguments set forth in Pearlstein's Motion for Summary Judgment. I have already considered and rejected those arguments. "Motions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005) (citation omitted). A motion for reconsideration may not be used to give a litigant a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

It is therefore **ORDERED** that the Motion to Reconsider is **DENIED.**

**Date: March 17, 2014**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**